UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTOPHER BRADLEY** * | **CIVIL ACTION NO.** |
| **SAUNDERS-LEE, STEPHEN MONROE** * | |
| **LEE, ET AL.** * | **JUDGE:** |
| * | |
| * | **MAG:** |
| **VERSUS** * | |
| * | |
| **MEDTRONIC, INC.,** * | |
| **MEDTRONIC NEUROMODULATION** * | |
| * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEDTRONIC, INC.'S NOTICE OF REMOVAL**

**To:** The Judges of the United States District Court for the Eastern District of Louisiana

Pursuant to 28 U.S.C. § 1446, Defendant Medtronic, Inc.,[1] with full reservation of any and all defenses, objections, and exceptions, hereby gives notice of the removal of this civil action from the Civil District Court, Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. A copy of this Notice of Removal is also being filed with the Clerk of Court for Civil District Court, Parish of Orleans. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Medtronic has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As grounds for this removal, Medtronic respectfully represents that:

---

[1] Although Plaintiff named "Medtronic Neuromodulation" as a Defendant, Medtronic Neuromodulation is a division of Medtronic, Inc. and is not a separate legal entity.

## I.  BACKGROUND AND FACTUAL ALLEGATIONS

1.

This action commenced against Medtronic, Inc. and Medtronic Neuromodulation in Civil District Court, Parish of Orleans, State of Louisiana, when Plaintiffs filed their Petition for Damages on March 3, 2016, said action being designated as Case No. 2016-02253 ("The State Court Action").  A true and correct copy of the state court record ("State Court Record"), as certified by the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana, is attached hereto as Exhibit "A."

2.

Medtronic was served with the Petition setting forth Plaintiffs' claims for relief on March 18, 2016.[2]  This Notice is therefore timely under 28 U.S.C. § 1446(b).

3.

This medical products liability lawsuit arises out of an allegedly defective Medtronic SynchroMed® II Infusion Pump and Catheter that was surgically implanted in Plaintiff Christopher Bradley Saunders-Lee on or about July 8, 2008 at Children's Healthcare in Atlanta, Georgia.  *See* Petition for Damages, unnumbered ¶ 1, attached in Exhibit "A" (the entire State Court Record as certified by the Clerk of Court for Civil District Court for the Parish of Orleans). Plaintiffs claim that on December 1, 2014, Mr. Lee began complaining of leg pain and stiffness and demonstrated difficulty ambulating with a rolling walker, as well as right foot drag.  *Id*. Plaintiffs allege that Mr. Lee also demonstrated behavioral changes, such as difficulty with word retrieval, tantrums, and increased stuttering.  *Id*.  Plaintiffs claim that on March 3, 2015, Mr. Lee was seen by neurosurgeon Dr. John C. Steck for battery pump replacement, and during the operation, it was discovered that the catheter leading to the pump had fractured.  *Id*.   Plaintiffs

---

[2]   Plaintiffs served Medtronic via certified mail, which was received on March 18, 2016.  *See* Exhibit "B."

claim that malfunctioning of the pump and catheter, combined with the lack of an alarm system, directly caused Mr. Lee to suffer baclofen withdrawal, as well as leg pain, stiffness, and weakness, in addition to behavioral changes. *Id*.

## II. THEORIES OF LIABILITY

4.

Although not entirely clear, Plaintiffs appear to set forth claims against the Medtronic as the manufacturer of the pump and catheter at issue sounding in design defect and for failure to warn the public about potential risks associated with the product system. *See* Petition for Damages, Summary Paragraph, attached with Exhibit "A." Plaintiffs claim that Medtronic is responsible for Mr. Lee's pain and suffering and also for endangering Mr. Lee's life. *Id*. Plaintiffs claim damages in the express amount of $100,000.00. *Id*.

5.

Upon information and belief, Plaintiffs are citizens of the State of Louisiana. *Id.* Medtronic, Inc. is a citizen of the State of Minnesota and thus are completely diverse from Plaintiffs. Because more than $75,000 is at stake in this litigation, this Court properly has subject matter jurisdiction over this litigation.

## III. JURISDICTIONAL BASIS FOR REMOVAL

6.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiffs and Medtronic.

A.     **The Amount In Controversy Is Satisfied**

7.

The amount in controversy requirement under 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based upon diversity of citizenship must exceed $75,000, exclusive of costs and interests. Here, Plaintiffs expressly plead damages in the amount of $100,000.00. *See* Petition for Damages, Summary Paragraph, attached with Exhibit "A." Therefore, the amount in controversy exceeds the federal jurisdictional requirement.

B.     **There Is Complete Diversity of Citizenship**

8.

Upon information and belief, as indicated by the signature block contained on the last page of their Petition for Damages, Plaintiffs reside in New Orleans, Louisiana and are presumably both citizens of the State of Louisiana.

9.

Medtronic, Inc. is incorporated under the laws of the State of Minnesota with its principal place of business located at 710 Medtronic Parkway, Minneapolis, Minnesota. *See* 28 U.S.C. § 1332(c)(1). *See* Affidavit of Keyna Skeffington, attached as Exhibit "C." Medtronic is thus a citizen of the State of Minnesota. *See also Branson v. Medtronic*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094, at *4 (M.D. Fla. Jan. 18, 2007) (denying plaintiff's motion to remand following removal by Medtronic, Inc. on the ground that Medtronic, Inc.'s principal place of business is in Minnesota).

10.

Although Plaintiff named "Medtronic Neuromodulation" as a defendant, Medtronic Neuromodulation is a division of Medtronic, Inc. and is not a separate legal entity. *See* Affidavit of Keyna Skeffington, attached as Exhibit "C."

11.

Accordingly, complete diversity exists in this action between Plaintiffs and Medtronic.

### IV.  PROCEDURAL REQUIREMENTS FOR REMOVAL

12.

Service of process was made on Medtronic via certified mail. Service was received on March 18, 2016. *See* Exhibit "B."

13.

Medtronic files this Notice of Removal within thirty (30) days from the date of service of the Petition for Damages and within one year from commencement of this action, which was filed on March 3, 2016. *See* Exhibit "A." This removal is therefore timely.

14.

The United States District Court for the Eastern District of Louisiana embraces the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

15.

Pursuant to 28 U.S.C. § 1446(a), the entire record from the state court, including the Petition for Damages, is attached as Exhibit "A" to this Notice of Removal.

16.

Pursuant to 28 U.S.C. § 1446(d), Medtronic is filing written notice of this removal with the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana, where the action is currently pending.  Copies of the State Court Notice and this Notice of Removal are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Medtronic, Inc. respectfully removes this action, "*Christopher Bradley Saunders-Lee v. Stephen Monroe Lee, et al. v. Medtronic and Medtronic Neuromodulation*," bearing docket number 2016-02253, from Civil District Court for the Parish of Orleans, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/ *Nicole M. Boyer*

_____
**KELLY C. BOGART (#22985)**
**NICOLE M. BOYER (#29775)**
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
kbogart@duplass.com
nboyer@duplass.com
Telephone: (504) 832-3700
Facsimile: (504) 837-3119

And

>David T. Schultz (*to be enrolled Pro Hac Vice*)
>Minnesota Bar No. #169730
>Anna Petosky (*to be enrolled Pro Hac Vice*)
>Minnesota Bar No. 0388163
>MASLON LLP
>3300 Wells Fargo Center
>90 South Seventh Street
>Minneapolis, MN  55402-4140
>Telephone:  (612) 672-8200
>david.schultz@maslon.com
>anna.petosky@maslon.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 18th, 2016, a copy of the above and foregoing was filed electronically.  A copy has been forwarded to Plaintiffs by United States Mail, postage prepaid, this same date.

*s/ Nicole M. Boyer*
_____
NICOLE M. BOYER